JULIO SOTO BOSQUE, Petitioner and Appellant, *v.* PERSONNEL BOARD OF PUERTO RICO, Respondent and Appellee.

No. 28.   Decided June 26, 1962.

*Benjamín Ortiz* and *Angel Viera Martínez* for petitioner and appellant.   *J. B. Fernández Badillo, Solicitor General, Genoveva R. Carrera, Assistant Solicitor General,* for respondent and appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## JUDGMENT

On September 10, 1956 the appellant Julio Soto Bosque was removed by the Secretary of the Treasury from the position of internal revenue agent in the Bureau of Alcoholic Beverages. Within the period of 10 days he appealed to the Personnel Board from the action of the appointing authority, who set the corresponding hearing for the following December 6. Adducing that in relation to the same facts a criminal prosecution was pending in the courts of justice, Soto requested and obtained the suspension of the hearing. It was not until July 16, 1958, after the hearing was suspended on two other occasions on appellant's request, that the Personnel Board took cognizance of the matter.

On July 26, 1958 the Board rendered decision ordering the reinstatement of the employee considering that the evidence was insufficient to maintain the action of the Secretary of the Treasury. It also authorized the payment of the salaries he would have earned, but it was limited to the period comprised between the date of the removal and the date set for the first hearing on December 6 because it believed that since the postponements had been procured by the appellant, it was not reasonable to impose the payments of the salaries to the State. The appellant requested the reconsideration and it was denied. He requested the review in the Superior Court, which modified the administrative decision to the effect that additional payment be made for the 10-day period elapsed between the date of the hearing and the decision of the Board. To review the judgment rendered we issued writ of certiorari.

The only question in issue refers to the power of the Personnel Board to limit the payment of the salaries because the employee has requested postponements of the hearing, thus extending the period of his lay off.

Section 31 of the Personnel Act, Act No. 345 of May 12, 1947 (Sess. Laws, p. 594, 3 L.P.R.A. § 671) in its pertinent part reads as follows:

"If the decision of the Board is favorable to the respondent official or employees, the appointing authority shall reinstate him to his position, and the said reinstatement shall have a retroactive character as of the date on which the respondent was removed. The Board shall authorize *the total or partial pay* which would have appertained to the reinstated official or employee from the date on which he was removed by the appointing authority; or that the said period be considered as a suspension from office without pay; or it may recommend any other reasonable penalty under the provisions of this Act." (Italics ours.)

An examination of the aforecited provision[1] shows that in removal cases the Personnel Board can adopt any of the following actions: (1) affirm the removal; (2) order the reinstatement; (3) reverse the removal but providing a suspension from office without pay because the fault committed does not merit the strictness of a removal; (4) impose any other proper penalty. This explains why the law empowers the Board to authorize the total pay of the salaries which the employee had accrued—when it reverses the removal—or the partial pay—when it has imposed a suspension from office without pay for a period less than the lay off. The statute does not authorize a partial deprivation of salaries when the reinstatement of the employee is ordered. Precisely the purpose of ordering the payment of the salaries is to reinstate to the employee the benefits which he did not receive because of the unjustified action of the appointing authority.[2]

---

[1] The provisions of the previous legislation do not shed any light on the problem involved in the present case. See § 5 of the Act of March 14, 1907 (Sess. Laws, pp. 171, 173) and § 28 of Act No. 88 of May 11, 1931 (Sess. Laws, pp. 534, 556.)

[2] Since it does not appear from the record that appellant received income for other concepts during the period of his lay off, it is not necessary to discuss now the power of the Personnel Board to reduce for this reason the salaries which were not received. See, Annotation, 150 A.L.R. 100 (1944).

We understand that the request of postponements may prejudice the public treasury through the prolongation of the unemployment. However, the solution rests with the Board itself which should not grant the suspensions.

The judgment rendered by the Superior Court, San Juan Part, on July 14, 1959 is reversed and the payment of petitioner's salaries is hereby ordered for the whole term comprised between the date of removal and that of the order of reinstatement.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:
(s) Ignacio Rivera
*General Secretary*